IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Criminal Action No. 7:12-cr-00388-JMC |
| v. | **OPINION AND ORDER** |
| Hercules Rice, | |
| Defendant. | |

This matter is before the court on the United States of America's (the "Government") Motion for Order to Show Cause (ECF No. 25) requesting that the court find Defendant Hercules Rice ("Rice") in violation of the conditions of his release and order that Rice be committed pursuant to 18 U.S.C. § 4243(g).

Rice was originally charged with threatening a Government employee and threatening to kill the President of the United States of America. (*See* Indictment ECF No. 1-2). On March 6, 2008, the United States District Court for the Southern District of Florida ("the Florida District Court") found Rice not guilty of the charges against him by reason of insanity, and the court committed Rice to the custody of the Attorney General pursuant to 18 U.S.C. § 4243 for psychiatric treatment. (ECF No. 1-7 at 26). The Florida District Court issued an amended order on February 14, 2011 (ECF No. 1-8 at 9-11), conditionally releasing Rice to his mother's residence in Bamberg, South Carolina. Approximately fifteen months later, in April 2012, the Florida District Court modified its order of conditional release (ECF No. 1-9 at 6) upon its finding that Rice had violated the conditions of his release by absconding supervision, failing to

1

take medications as prescribed, and failing to participate in mental health treatment. The April 2012 order provided, in part:

> Upon release from custody, [Rice will] immediately contact his probation officer in South Carolina[ and, r]eside at 329 Briancliff Road, Spartanburg, South Carolina 29301. He shall not move to a different address without the prior approval of the United States Probation Officer assigned to his case. . . .
>
> Defendant will comply fully with treatment regimen, and recommendations made by his probation officer or by the mental health professionals. . . .
>
> [Rice will r]emain under the supervision of the U.S. Probation Office until he is discharged from all mental health treatment and/or federal civil commitment.

(Order Modifying Conditions of Conditional Discharge, ECF No. 1-9, pp. 4-6). The Florida District Court transferred Rice's case to the United States District Court for the District of South Carolina on April 26, 2012. (ECF No. 1-9 at 7).

On August 30, 2012, the Government petitioned this court to issue a warrant for Rice's arrest for violation of the terms of his conditional release. (ECF No. 7). Specifically, the Government alleged that Rice left his residence on August 27, 2012, without the permission of his probation officer and failed to return. The court issued a warrant (ECF No. 8) and Rice was arrested on September 10, 2012 (ECF No. 12). Following a hearing on November 20, 2012 (ECF No. 20), the court found that Rice would remain on conditional discharge. (ECF No. 23 at 4). However, in its order, the court cautioned Defendant that "any future violations as noted herein or otherwise may alarm the court that Defendant is not a suitable candidate for conditional release". The revised conditions to Rice's discharge stated, in relevant part: "Defendant currently resides with his wife. He shall not move to a different address without the prior approval of the United States Probation Officer assigned to his case." *Id.* at 5.

On August 19, 2013, the Government filed the instant petition requesting that the court issue a warrant for Rice's arrest due to violation of the terms of his conditional release. (ECF No. 25). The nature of Rice's noncompliance was that he was last seen at his residence on July 15, 2013, and as of August 16, 2013, his whereabouts were unknown. *Id.* The court issued a warrant (ECF No. 29), and Rice was arrested on September 20, 2013 (ECF No. 29).

Pursuant to 18 U.S.C. § 4243(g),

> The director of a medical facility responsible for administering a regimen imposed on an acquitted person conditionally discharged under subsection (f) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

At the show cause hearing, it was undisputed that Rice left his residence in Spartanburg, South Carolina, missed medical appointments, and did not notify the appropriate United States Probation officials. However, there was no evidence or allegation of any criminal activity or other nefarious activity committed by Rice during his period of absence from South Carolina.

Rice addressed the court during the hearing and did not deny that he had violated the terms of his conditional release. However, Rice explained that he has been facing psychological and emotional issues as a result of molestation he experienced as a child. Rice indicated that, outside of this incident, he was complying with the conditions of his conditional release and was working part-time as a head cook for the Marriott Hotel in Spartanburg, South Carolina.

3

Counsel for Rice explained that Rice left South Carolina in part because he was no longer receiving psychological therapy and that he travelled to Florida to be with family members as a way to deal with his issues. Defense counsel also emphasized that Rice has insulin stability problems related to his diabetes, blood clotting in his lungs requiring treatment with blood thinners, and schizophrenia for which Rice takes medicine. Accordingly, defense counsel requested that Rice see a mental health treatment specialist and a specialist for his blood clot condition in addition to any other treatment that may be appropriate.

The court finds that Rice has violated the conditions of his release by leaving his residence without the permission of his probation officer thereby absconding supervision. Rice committed this violation fully aware of the court's warning that additional violations could result in a court order to commit him to the Bureau of Prisons ("BOP"). Significantly, the incident at hand represents the third time Rice has violated his release by absconding supervision. (*See* ECF No. 23). Thus, due to Rice's inability to comply with the orders of this court, the court concludes there is a substantial risk that Rice will be unable to avoid harm to himself and others. This substantial risk must be mitigated by a period of commitment and continued treatment.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Rice is committed, effective on the date of this order, for a period of six months. The six-month period is not inclusive of any prior period of commitment or incarceration related to his latest incident of absconding supervision. During this time, it is ordered that the BOP assess and treat Rice's physical and mental conditions. The BOP should provide all necessary medications to Rice, in this regard. The BOP should ensure that the psychological treatment Rice receives addresses his underlying sexual molestation issues. Within six months, the BOP shall provide the court a

recommendation about Rice's release and prescribe a continued treatment regimen for when he is released.  Upon release, Rice will have the following conditions:

> (1) Rice will immediately contact his probation officer in South Carolina.  Defendant currently resides with his wife.  He shall not move to a different address without the prior approval of the United States Probation Officer assigned to his case.
>
> (2) Submit to Global Positioning System ("GPS") monitoring at the expense of the government for a term of six months, from the date of his release from custody, as directed by the United States Probation Officer.  Rice shall only be released from GPS monitoring upon the recommendation from his probation officer or upon a determination by this court.
>
> (3) Submit to a curfew of 7:00 p.m. until 6:00 a.m., during which time he should not be allowed to leave his house.  During the remaining hours of the day, Rice should not be allowed to leave his house except to attend work, establish a suitable residence, establish suitable employment, attend church services, attend legal or medical appointments, grocery shop, and to perform other activities approved by his probation officer.
>
> (4) Continue to participate and fully comply with individual therapy, medication management, and any other psychiatric care as deemed appropriate by his treating mental health professionals.  In addition, Defendant and the United States Probation Officer assigned to his case should further discuss admission to a rehabilitation program such as the Gateway House.
>
> (5) Receive continued monitoring for psychiatric difficulties, psychiatric care, and medication management by his mental health professionals.
>
> (6) Continue to take all medications as prescribed by his treating physicians.  Medications may be adjusted as necessary by mental health clinicians/psychiatrists.  The probation officer should be notified of any planned changes to his medication in order to determine if additional monitoring is warranted.
>
> (7)  Continue to be supervised by the United States Probation Office for the District of South Carolina.  Supervision includes Defendant's voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising United States Probation Officer, who will monitor Defendant and determine the appropriateness of continued community placement.
>
> (8) Pursuant to 18 U.S.C. § 4247(e), annual reports shall be filed by the probation office with the court, with copies sent to the Assistant United States Attorney and Rice's Federal Public Defender.

(9) Remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

(10) Refrain from possessing at any time, any actual or imitation firearm, destructive device or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer, of his person, or property, to include vehicles or premises, for the purpose of determining compliance with this condition. Commitment is mandatory for possession of a firearm.

(11) Abstain from the use of alcohol, illegal narcotic substances, and drugs, and shall not frequent places where alcohol or illegal drugs are known to be the primary substance of possession, manufacture, or distribution.

(12) Submit to a substance abuse assessment, testing for use of drugs and alcohol, and substance abuse treatment as directed by the United States Probation Office, and shall voluntarily waive his rights of confidentiality for communication among all agencies involved with his substance abuse monitoring and/or treatment.

(13) Contribute to the costs of his mental and physical health treatment, as well as any substance abuse treatment, not to exceed an amount determined reasonable pursuant to the United States Probation Office's Sliding Scale for Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid.

(14) The United States Marshals Service shall be notified to return Defendant to the custody of the Attorney General if it is determined that the Defendant has violated any conditions which are established for him in this order, or if he fails to cooperate and follow instructions of the supervising United States Probation Officer.

(15) Comply with all other standard conditions of release as adopted by the United States Probation Office in the District of South Carolina. Failure by Defendant to adhere to any of these conditions may result in his being taken into custody without notice and a review by the Court having jurisdiction of his person, of the suitability of his conditional release.

The court finds a six-month period of commitment followed by continued supervision under conditional release sufficient but not greater than necessary to carry out the mandates of 18 U.S.C. § 4243 given the specifics of Rice's violation and the history of this case.

**IT IS SO ORDERED.**

_____
United States District Judge

November 26, 2013
Greenville, South Carolina